J. JONES, J.,
concurring.
I concur in the Court’s opinion and agree that the ease needs to be remanded for further proceedings. The Department cannot particularly be faulted for concluding that the Altrua documents constitute an indemnity contract but should have pursued the alternate definition under I.C. § 41-102 — a contract to “pay or allow a specified or ascertainable amount or benefit upon determinable risk contingencies.” It appears that Altrua designed its program to look like insurance and act like insurance but to exclude it from being insurance by virtue of its numerous disclaimers.
Altrua contended before the Court on appeal that the rights of its members were contractual in nature and it sought to characterize the Department’s proceeding as an impairment of its contract rights under the United States Constitution. However, in its membership “guidelines” it specifically states that “the guidelines are not a contract.” Altrua claims that it is merely holding membership fees in escrow for the benefit of its members, while ignoring specific language in the membership guidelines that the fees “are voluntary contributions or gifts that are nonrefundable,” and that members retain absolutely no control over the escrowed fees. It is understandable that the Department has concern about the potential for Altrua members to sustain injury. Altrua claims that, “Not one eligible medical need has gone unpaid since the membership started,” but the membership guidelines contain no effective means for a member to obtain redress in the event a claim is not paid, except for an obligatory appeals process where Altrua retains absolute final say.
In the event that Altrua is successful on remand, the Department may take some comfort in the fact that an Altrua member will not be wholly without recourse. If Altrua’s program does not constitute a contract of insurance within the meaning of I.C. § 41-102, it then comes within the purview of the Idaho Consumer Protection Act (ICPA), I.C. §§ 48-601, et. seq. Pursuant to I.C. § 48-605(3), persons subject to the trade practices and frauds provisions of the Idaho Insurance *396 Code (I.C. § 41-1301, et seq.) are exempt from the ICPA. If it is ultimately determined that Altrua’s program does not constitute engaging in the business of insurance, members can presumably resort to the ICPA for remedial action.